**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 3:94-cr-00044-ECR-RAM |
| Plaintiff, ) | **Order** |
| vs. ) | |
| DONALD LEROY HOGAN, ) | |
| Defendant. ) | |

Defendant has filed a Motion for Modification and Reduction of Sentence (#1305) pursuant to Amendment 591 to the United States Sentencing Guidelines ("U.S.S.G.") and 18 U.S.C. § 3582(c)(2). The Government filed an Opposition (#1307)[1] on May 9, 2012. On May 21, 2012, Defendant filed a second Motion (#1308) requesting the Court to hold an evidentiary hearing or enter a judgment showing that the Government conceded that Defendant is entitled to a sentence reduction pursuant to Amendment 591. The second Motion (#1308) seems to also

---

[1] On May 8, 2012, the Court ordered (#1306) the Government to respond to Defendant's Motion for Modification and Reduction of Sentence (#1305). The Government's Opposition (#1307), however, is completely unresponsive to Defendant's Motion (#1305) because it addresses an argument for a sentence reduction pursuant to Amendment 750 to the U.S.S.G, and does not address Defendant's argument for a reduction pursuant to Amendment 591. However, because we find that Amendment 591 does not entitle Defendant to a sentence reduction, we deny Defendant's second Motion (#1308) for an evidentiary hearing or an order regarding the Government's lack of response.

constitute Defendant's Reply in support of his original Motion (#1305).  Because Defendant is not eligible for a reduction of his prison sentence, Defendant's Motions (##1305, 1308) will be denied.

Defendant was sentenced in 1996 to a term of 360 months to life on Count One of the Indictment.  The sentence on Count One was imposed using a base offense level of 38 under § 2D1.1 of the then-mandatory guidelines, a total offense level of 42, and criminal history Category III, which called for a sentencing range of 360 months to life.  The version of § 2D1.1 in effect at the time of sentencing called for a base offense level of 38 for an offense involving 1.5 kilograms or more of cocaine base (crack cocaine).  Based on the Pre-Sentence Report, the Court found that the grand total of crack cocaine relevant to Defendant's sentencing was "twenty-two kilograms." (Sentencing Tr. 9/16/1996 (#850) at 19).  The Court of Appeals upheld the Court's method of approximating the relevant quantity of drugs at sentencing. United States v. Jackson, et al., 141 F.3d 1181 (Table), 1998 WL 141734, at *3 (D. Nev. Mar. 30, 1998).

Defendant contends that Amendment 591 to the United States Sentencing Guidelines, clarifying the application of U.S.S.G. § 2D1.2, authorizes the Court to resentence him.  However, the record reflects that Defendant's base offense level was calculated under § 2D1.1(c)(1), rather than § 2D1.2; therefore Amendment 591 does not apply to him.  Accordingly, Defendant cannot demonstrate that his sentence is based on a sentencing range that has subsequently been lowered by the Sentencing Commission, as required by 18 U.S.C. §

2

3582(c)(2). See United States v. Leniear, 574 F.3d 668, 673 (9th Cir. 2009).

Defendant also contends that he is entitled to relief under Amendment 591 because the drug quantity used to calculate his base offense level was determined by the sentencing court, rather than a jury. This argument is foreclosed. See Dillon v. United States, --- U.S. ---, 130 S.Ct. 2683, 2692, 117 L.Ed.2d 271 (2010) (proceedings under § 3582(c)(2) do not implicated the Sixth Amendment right to have essential facts found by a jury beyond a reasonable doubt).

Finally, we note that Defendant's argument based on Apprendi v. New Jersey, 530 U.S. 466 (2000) is without merit. It is well-settled that Apprendi and its progeny do not apply retroactively to cases on collateral review that, like Defendant's, were final before the Apprendi decision was announced. See Schriro v. Summerlin, 542 U.S. 348, 358 (2004); Cooper-Smith v. Palmateer, 397 F.3d 1236, 1246 (9th Cir. 2005) (citing United States v. Sanchez-Cervantes, 282 F.3d 664, 673 (9th Cir. 2002)).

For the foregoing reasons, Defendant's Motion for Modification and Reduction of Sentence (#1305) must denied. Furthermore, because we decide the issue as a matter of law, an evidentiary hearing is unnecessary and Defendant's second Motion (#1308) will also be denied.

**IT IS, THEREFORE, HEREBY ORDERED THAT** Defendant's Motion for Modification and Reduction of Sentence (#1305) is **DENIED**.

**IT IS FURTHER ORDERED THAT** Defendant's Motion Requesting an Order (#1308) is **DENIED**.

The Court will also execute the separate form order AO 247 to further reflect this Order; the form order AO 247 shall be separately filed by the Clerk.

DATED: May 24, 2012.

_____
UNITED STATES DISTRICT JUDGE