UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 3:94-CR-00044-LRH-WGC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DONALD LEROY HOGAN, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is Defendant Donald Leroy Hogan's ("Hogan") Motion for Reduction of Sentence under 18 U.S.C. § 3582(c)(2), Amendment 782. Doc. #1357. On October 22, 2014, Hogan filed a Motion for Appointment of Counsel Pursuant to 18 U.S.C. § 3006A(a)(1) and (c) "for the purpose of determining whether the defendant may qualify to seek reduction of sentence." Doc. #1350. The Court granted this Motion on October 30, 2014. Doc. #1351. The Federal Public Defender decided not to file a motion for reduction of sentence, and on February 13, 2015, filed a Motion to Withdraw as Counsel (Doc. #1352), which the Court granted on April 28, 2015 (Doc. #1356). The present Motion for Reduction of Sentence was filed on May 6, 2015. Doc. #1357.

On September 16, 1996, the Court imposed a sentence of 360 months to life due to a total offense level of 42, and a criminal history category of III. Hogan argues that the Court should apply a two-level reduction of his base offense level—to an amended base offense level of 36 and total offense level of 40—pursuant to 18 U.S.C. § 3582(c)(2), Amendment 72. Hogan adds that

such a reduction would not harm public safety because his crime was not a crime of violence, and Hogan has not been charged with any violent offenses.  Additionally, Hogan notes that he has remained free of disciplinary conduct in prison for the past ten years.

The United States Probation Office submitted a Reduction of Sentence Report on November 26, 2014.  Probation recommended that the Court deny Hogan's Motion for two reasons: (1) on April 30, 2012, the Court denied a prior motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), Amendment 591; and (2) the defendant's newly calculated total offense level does not reduce the applicable sentencing range.  The Court agrees, and finds that amendment of Hogan's sentence pursuant to Amendment 782 would not reduce the applicable sentencing range.  Because Hogan has a criminal history category of III, a reduction to a total offense level to 40 would result in the same applicable sentence range: 360 months to life.  Accordingly, the Court denies Hogan's request for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2), Amendment 782.

IT IS THEREFORE ORDERED that Hogan's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2), Amendment 782 (Doc. #1357) is DENIED.

IT IS SO ORDERED.

DATED this 20th day of September, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE