UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>DONALD LEROY HOGAN,<br>Defendant. | Case No. 3:94-cr-0044-LRH-WGC<br>ORDER |

Before the court is defendant Donald Leroy Hogan's ("Hogan") petition for writ of error *coram nobis*. ECF No. 1366. The United States has filed an opposition to the motion. ECF No. 1370.

**I. Facts and Procedural Background**

Defendant Hogan was convicted, following a jury trial, on nine separate counts including conspiracy to distribute cocaine base in violation of 21 U.S.C. §§ 846 and 841(a)(1). ECF No. 748. On September 16, 1996, Hogan was sentenced to three hundred and sixty (360) months imprisonment. ECF No. 850. Since his initial sentence, Hogan has filed a motion to vacate (ECF No. 1039), a motion to reopen judgment under Rule 60(b) (ECF No. 1039), a motion for sentence reduction (ECF No. 1181), a Rule 36 motion to correct clerical mistake (ECF No. 1340), and a motion for sentence reduction in light of guideline amendment 782 (ECF No. 1357), all of which have been denied by the court (ECF Nos. 1046, 1073, 1255, 1320, 1342, 1361). Subsequently, Hogan filed the present petition for writ of error. ECF No. 1366.

**II. Discussion**

In the instant petition, Hogan seeks relief under *United States v. Kwan*, 407 F.3d 1005 (9th Cir. 2005),[1] and *Padilla v. Kentucky*, 559 U.S. 356 (2010),[2] claiming that his attorney did not advise him at the time of trial that he faced certain deportation if convicted, and contends that he is therefore entitled to *coram nobis* relief. Hogan's motion is without merit.

First, Hogan is not eligible for *coram nobis* relief because he is incarcerated. *United States v. Monreal*, 301 F.3d 1127, 1132 (9th Cir. 2002) ("[I]f a petitioner is still in custody, he may not bring a coram nobis petition because the more usual remedy of a section 2255 petition is available."); *Matus-Leva v. United States*, 287 F.3d 758, 761 (9th Cir. 2002) ("appellate courts, including ours, have consistently barred individuals in custody from seeking a writ of error coram nobis"); *United States v. Brown*, 413 F.2d 878, 879 (9th Cir. 1969) ("Coram Nobis is not available, since he is still in custody."). In his motion, Hogan asserts that "a more usual remedy is not available" because he has already filed a 2255 motion. As the Ninth Circuit has repeatedly explained, however, "[a] prisoner may not resort to coram nobis merely because he has failed to meet the AEDPA's gatekeeping requirements." *Matus-Leva*, 287 F.3d at 761.

Second, as to the merits of Hogan's petition, the Ninth Circuit has squarely held that *Padilla* is not retroactively applicable to cases on collateral review. *Chaidez v. United States*, 133 S.Ct. 1103, 1113 (2013). Hogan acknowledges this, but claims that he is still entitled to relief because *Kwan* has been held to apply retroactively and "*Kwan* is based off *Padilla*." *See* ECF No. 1366. To the contrary, *Kwan* - which involved an attorney's affirmative mis-advice - was issued several years before *Padilla* - which involved an attorney's failure to advise. The claim Hogan makes in his motion is a *Padilla* claim, not a *Kwan* claim. *See* ECF No. 1366, Exh. A. ("At no time during Mr. Atcheson's representation did he ever tell me that I could be deported. Mr. Atcheson never told me that I would be deported. In fact, at no point in time did Mr.

---

[1] In *Kwan*, the Ninth Circuit held that petitioner's attorney had provided constitutionally deficient performance by affirmatively misadvising him that his guilty plea would have no adverse immigration consequences, and further held that Kwan suffered prejudice as a result of that deficient performance because there was a reasonable probability that Kwan would not have pled guilty but for that erroneous advice. 407 F.3d at 1015-1018.

[2] In *Padilla*, the Supreme Court held that the defendant's counsel engaged in deficient performance by failing to advise him that his guilty plea made him subject to automatic deportation. 599 U.S. at 373-374.

Atcheson ever discuss deportation with me. Not once."). Because *Padilla* is not retroactively applicable to cases on collateral review, Hogan's claim fails on the merits. Accordingly, the court shall deny Hogan's petition.

IT IS THEREFORE ORDERED that defendant's petition for writ of error *coramn nobis* (ECF No. 1366) is DENIED.

IT IS SO ORDERED.

DATED this 31st day of October, 2016.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE