UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DONALD LEROY HOGAN,<br><br>Defendant. | Case No. 3:94-cr-00044-LRH-WGC-4<br><br>ORDER |

Defendant Donald Leroy Hogan petitions for a writ of *audita querela*. ECF No. 1372. The United States opposes the petition. ECF No. 1374. After considering the parties' papers, the court denies Hogan's petition.

**I.  Background**

Following a jury trial, Hogan was convicted on nine separate counts including conspiracy to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 846 and 841(a)(1). ECF No. 48. Hogan was then sentenced to 360 months of imprisonment. ECF No. 850. Since his sentencing, Hogan filed the following: a motion to vacate (ECF No. 1039), a motion to reopen judgment under Rule 60(b) (ECF No. 1039), a motion for sentence reduction (ECF No. 1181), a Rule 36 motion to correct clerical mistake (ECF No. 1340), a motion for sentence reduction in light of guideline amendment 782 (ECF No. 1357), and a petition for writ of error *coram nobis* (ECF No. 1366). The court denied each filing. ECF Nos. 1046, 1073, 1255, 1320, 1342, 1361, 1371. Hogan now petitions for a writ of *audita querela*. ECF No. 1373. The United States opposes Hogan's petition. ECF No. 1374.

**II.     Discussion**

A defendant may petition for a writ of *audita querela* to the extent necessary "'to fill the interstices of the federal postconviction remedial framework.'" *Doe v. INS*, 120 F.3d 200, 203 (9th Cir. 1997) (quoting *United States v. Ayala*, 894 F.3d 425, 428 (D.C. Cir. 1990)). However, "a federal prisoner may not challenge a conviction or sentence by way of petition for a writ of *audita querela* when that challenge is cognizable under [28 U.S.C.] § 2255 because, there is no 'gap' to fill in the postconviction remedies." *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1080 (9th Cir. 2001); *see also United States v. Gamboa*, 608 F.3d 492, 492 (9th Cir. 2010) (concluding that "a federal prisoner may not challenge his or her sentence pursuant to a petition for a writ of *audita querela* if the requested relief can be obtained under § 2255").

Hogan argues for a petition for writ of *audita querela* on the basis that the court improperly enhanced his sentence. Hogan's instant challenge is cognizable under 28 U.S.C. § 2255. *See* U.S.C. § 2255(a). Therefore, Hogan's petition for a writ of *audita querela* must be denied.

**III.    Conclusion**

IT IS THEREFORE ORDERED that Defendant Donald Leroy Hogan's Petition for Writ of *Audita Querela* (ECF No. 1372) is **DENIED**.

IT IS SO ORDERED.

DATED this 14th day of September, 2017.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE