1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

9   UNITED STATES OF AMERICA,                    Case No. 3:94-cr-00044-LRH-WGC-4

10                                    Plaintiff,    ORDER

11        v.

12   DONALD LEROY HOGAN,

13                                   Defendant.

14

15        Before the court are five motions filed by defendant, Donald Leroy Hogan. The first two

16   motions—Motions for a Sentence Reduction under Amendments 750 and 782 to the United States

17   Sentencing Guidelines pursuant to 18 U.S.C. § 3582(c)(2) (ECF Nos. 1376 & 1377)—were filed

18   in July 2018.[1] Upon the court's order (ECF No. 1379), the Government responded to Hogan's first

19   two motions. ECF No. 1380.  On February 25, 2019, the court then granted Hogan's motion for

20   appointment of counsel (ECF No. 1390) and appointed the Office of the Federal Public Defender

21   to represent Hogan for the purpose of determining whether he qualified for a sentence reduction

22   pursuant to the newly enacted First Step Act.[2] ECF No. 1392. However, shortly thereafter Hogan

23   submitted a letter to the Clerk of Court informing the court that he would be filing his motion for

24   reduction of sentence *pro se* (ECF No. 1394), which he did on August 9, 2019 (ECF No. 1395).

25

26   [1] These first two motions contain the same content, however, ECF No. 1376 included attachments and ECF
     No. 1377 did not.

27   [2] The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (enacted December 21, 2018, but not yet
     codified).

28

1

The Government accordingly opposed this new motion (ECF No. 1396), and Hogan replied (ECF No. 1397). Just three months later, on December 13, 2019, the Federal Public Defender entered a Notice of Attorney Appearance on behalf of Hogan (ECF No. 1399), and on January 8, 2020, filed a status report and motion to stay ruling on Hogan's *pro se* motion. ECF No. 1402. Hogan subsequently filed a supplemental Motion for Sentence Reduction under Section 404 of the First Step Act regarding his *pro se* motion. ECF No. 1403. The Government again responded (ECF No. 1406), and Hogan replied (ECF No. 1407). Finally, on February 10, 2020, Hogan sent a letter to the court indicating that he did not want the court to bring him to Reno for resentencing. ECF No. 1409. The court has reviewed this lengthy record and now rules on all pending motions.

## I.      BACKGROUND

On October 19, 1994, the Government filed a second superseding 47-count indictment charging Hogan with, among other things, conspiracy to possess with intent to distribute and to distribute an unspecified amount of cocaine and cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1). ECF No. 164. The government alleged 108 overt acts in furtherance of the alleged conspiracy, pertaining in part to Hogan and regarding various amounts of cocaine base. *Id.* at 4-21. Following a jury trial, Hogan was convicted on 9 of the 47 counts, including the conspiracy charge. ECF No. 748. In so finding, the jury did not find any specific drug amount involved in the conspiracy offense, or for any other offense for which it adjudicated him guilty. *See id.*[3]

During Hogan's sentencing, the court found that the quantity of cocaine base applicable to his sentencing was approximately 22 kilograms (22,278 grams), based on the Government's memorandum that detailed year-to-year quantities of cocaine base pertinent to the conspiracy. Transcript of Hogan's Sentencing Hearing at 14-19 (defense objected to this calculation at 20-25). The court agreed with the PSR that this amount of cocaine base was "substantially above the 1.5 kilograms called for the particular level recommended by the probation office in their

---

[3] The Presentence Investigation Report ("PSR") indicates that the Second Superseding Indictment charged Hogan with Conspiracy to Possess with Intent to Distribute and Distribute Cocaine Base, 21 U.S.C. §§ 846 and 841(a)(1) (1-89 to 9-2-94) (50 grams cocaine base); and that he was convicted on this charge pursuant to §§ 841(a)(1) and 841(b)(1)(A)(iii), and 18 U.S.C. § 2, which, at the time, provided a statutory sentence of 20 years to life and an $8,000 fine.

computations,"[4] and found a base offense level of 38 based on this quantity. *Id.* at 19. The court then found that Hogan was "quite certainly . . . an organizer and leader involving more than five participants, therefore he becomes eligible for and does receive the four-level increase" for his leadership role. *Id.* at 19-20; PSR ¶ 69 (recommending the same). The court adopted the PSR's calculation that Hogan had 4 criminal history points which established a criminal history category III. Transcript of Hogan's Sentencing Hearing at 20; PSR ¶ 81. Coupled with Hogan's base offense level of 42, the court sentenced him to 360 months imprisonment, the low end of the then mandatory 360-month to life guideline range, on the conspiracy charge. Transcript of Hogan's Sentencing Hearing at 39-40.

In March 1998, Hogan's sentence was upheld on appeal by the Ninth Circuit. *See United States v. Jackson*, 141 F.3d 1181, 1998 WL 141734 (9th Cir. 1998) (unpublished). Hogan subsequently filed a number of motions and petitions collaterally attacking his sentence; all of which the court has previously denied. ECF Nos. 1046, 1073, 1255, 1320, 1342, 1361, 1371, & 1375.

## II.   DISCUSSION

### A.   Hogan's motions to reduce sentence based on Amendments 750 and 782 to the United States Sentencing Guidelines are denied.

Hogan first argues that his sentence should be reduced pursuant to 18 U.S.C. § 3582(c)(2) based upon Amendments 750 and 782 to the United States Sentencing Guidelines. ECF Nos. 1376 & 1377. A district judge typically may not modify the term of imprisonment once it has been imposed. *See* 18 U.S.C. § 3582(c). However, pursuant to 18 U.S.C. § 3582(c)(2), the court may reduce the term of imprisonment when the applicable sentencing range has been lowered by the Sentencing Commission. The Supreme Court explained in *Dillon v. United States* that the court must undertake a 2-step inquiry to determine if it is authorized to reduce a defendant's sentence, starting by "'determin[ing] the amended guideline range that would have been applicable to the

---

[4] The PSR provides that the conspiracy involved an estimated 20-30 kilograms over a 5 to 6-year period. The PSR therefore determined that this quantity "more than satisfied the required 1.5 kilograms of cocaine base to establish the defendant's base offense level at the highest level under the U.S.S.G. § 2D1.1(c)." PSR ¶ 65.

3

defendant' had the relevant amendment been in effect at the time of the initial sentence." 560 U.S. 817, 827 (2010) (quoting U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(b)(1) (U.S. SENTENCING COMM'N 2018)). However, "[i]n making such determination, the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(b)(1).

On September 16, 1996, the court sentenced Hogan to 360 months imprisonment, the low end of a 360-month to life guideline range, based on a total offense level of 42, and a criminal history category III. At sentencing, the court found the total amount of cocaine base relevant to Hogan's sentence was approximately 22 kilograms. *See Dillon*, 560 U.S. at 828 ("proceedings under § 3582(c)(2) do not implicate the Sixth Amendment right to have essential facts found by a jury beyond a reasonable doubt."). Because § 1B1.10(b)(1) provides that the court shall only substitute the new Guidelines range, and "shall leave all other guideline application decisions unaffected," the court considers Hogan's motion based on the relevant quantity of 22 kilograms of cocaine base, and the 4 point increase for his leadership role. *See id.* at 831.

Under Amendment 750, the amount of cocaine base necessary to trigger an offense level of 38 was 8.4 kilograms. U.S. SENTENCING GUIDELINES MANUAL §2D1.1(c); app. C (vol. III) (U.S. SENTENCING COMM'N 2011). As Hogan's sentence involved more than 8.4 kilograms, this amendment does not lower the applicable sentencing range. Amendment 782 changed the offense level from 38 to 36 for offenses involving at least 8.4 and less than 25.2 kilograms of cocaine base. U.S. SENTENCING GUIDELINES MANUAL §2D1.1(c); supp. app. C (U.S. SENTENCING COMM'N 2018). Therefore, under Amendment 782, Hogan's base offense level is now a 36. However, in Hogan's case, 4 points were added for his leadership role, which, even with this adjusted offense level of 36, results in a total offense level of 40. That offense level coupled with a criminal history category of III still results in the same applicable guideline range: 360 months to life. *See* U.S. SENTENCING GUIDELINES MANUAL Chapter 5, Sentencing Table (U.S. SENTENCING COMM'N 2018). The court previously decided for the same reason that Amendment 782 had no effect on Hogan's sentence (*see* ECF No. 1361); nothing before the court now changes its prior ruling.

4

Because Hogan's applicable guideline range remains the same, 360-months to life, under either Amendment 750 or 782, Hogan's guideline range would not have been different had either amendment been in effect at the time of his sentencing in 1996. Therefore, the court is not authorized under § 3582(c)(2) to reduce Hogan's sentence. *See Dillon*, 560 U.S. at 827 ("Courts generally may 'not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range' produced by the substitution," unless "the sentencing court originally imposed a term of imprisonment below the Guidelines range[.]" (quoting U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(b)(2)(A)). Accordingly, Hogan's motions (ECF Nos. 1376 & 1377) are denied.

**B. Hogan's motion to reduce his sentence pursuant to section 404 of the First Step Act and the reduced statutory penalties under the Fair Sentencing Act is granted.**

Hogan next argues that his sentence should be reduced pursuant to section 404(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), and the reduced statutory penalties under the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010) (codified at 21 U.S.C. § 841). ECF Nos. 1395 & 1403. Following the Fourth Circuit's holding in *United States v. Wirsing*, the court analyzes Hogan's motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(B), which provides that "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute[.]" 943 F.3d 175, 182-85 (4th Cir. 2019), as amended (Nov. 21, 2019) (The First Step Act "fits under the narrow exception to finality provided by § 3582(c)(1)(B) because it *expressly* permits the court to modify a term of imprisonment," as compared to § 3582(c)(2), which is the "appropriate vehicle for defendants seeking relief under the Guidelines amendments related to the Fair Sentencing Act." (internal quotation marks and citation omitted) (emphasis in original)). The court must therefore look to the Fair Sentencing Act "to determine 'the extent' to which modification is 'expressly permitted by [that] statute.'" *Wirsing*, 943 F.3d at 185 (quoting § 3582(c)(1)(B)).

The Fair Sentencing Act took effect on August 3, 2010, and increased the quantity of cocaine base (crack) and powder cocaine that triggers mandatory minimum sentences, and lowered the crack-to-powder sentencing ratio from 100 to 1 to 18 to 1. *See* 124 Stat. at 2372; *Dorsey v.*

*United States*, 567 U.S. 260, 269-270 (2012). Specifically, section 2 of the Fair Sentencing Act replaced the 5-gram threshold amount implicating the 5-year mandatory minimum with 28 grams of cocaine base and replaced the 50-gram threshold amount implicating the 10-year mandatory minimum with 280 grams of cocaine base. *See* 124 Stat. at 2372 (codified at 21 U.S.C. § 841(b)(1)(A)(iii) and (b)(1)(B)(iii)). Section 3 of the Act eliminated the 5-year mandatory minimum for simple possession. *Id.* The Supreme Court held that crack cocaine offenders sentenced after the Act's effective date, August 3, 2010, would be sentenced under the Act's new penalty standards even if the offense was committed before the effective date. *Dorsey*, 567 U.S. at 281-82. However, the Act did not apply retroactively to defendants sentenced prior to the effective date. *See United States v. Grace*, Case No. 2:96-cr-0075-KJD-LRL, 2020 WL 1044003, at *1 (D. Nev. March 3, 2020).

On December 21, 2018, Congress enacted the First Step Act which makes the Fair Sentencing Act retroactive for certain "covered offenses," and grants the court discretion to resentence defendants. First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 (2018). Under section 404(a) of the First Step Act, "covered offenses" are defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." 132 Stat. at 5222. The four circuit courts to date that have ruled on the meaning of section 404(a) have uniformly and broadly held that it applies to "any inmate serving a sentence for pre-August 3, 2010 violations of 21 U.S.C. § 841(b)(1)(A)(iii) or (B)(iii)—both of which were modified by the Fair Sentencing Act[.]" *Wirsing*, 943 F.3d at 185; *United States v. Jackson*, 945 F.3d 315, 319-21 (5th Cir. 2019) (concluding that "whether a defendant has a 'covered offense' under section 404(a) depends only on the statute under which the defendant was convicted. If he was convicted of violating a *statute* whose penalties were modified by the Fair Sentencing Act, then he meets that aspect of a 'covered offense.'" (emphasis in original)); *United States v. Beamus*, 943 F.3d 789, 792 (6th Cir. 2019) ("Beamus is eligible for resentencing because, and only because, the Fair Sentencing Act modified the statutory range for his offense."); *United States v. McDonald*, 944 F.3d 769, 772 (8th Cir. 2019) ("McDonald's Count 39 conviction is a 'covered offense' under § 404 of the First Step Act because

(1) it is a violation of a federal statute; (2) the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act; and (3) it was committed before August 3, 2010.").

The court finds the Fourth Circuit's statutory interpretation of section 404(a) persuasive:

> The most natural reading of the First Step Act's definition of "covered offense" is that "the statutory penalties for which were modified by [certain sections of the Fair Sentencing Act]" refers to "a Federal criminal statute" rather than "a *violation* of a Federal criminal statute." *Id.* § 404(a), 132 Stat. at 5222 (emphasis added). A general rule of statutory interpretation is that modifiers attach to the closest noun; courts should not interpret statutes in such a way as to "divorce a noun from the modifier next to it without some extraordinary reason." *Lopez v. Gonzales*, 549 U.S. 47, 56, 127 S.Ct. 625, 166 L.ed.2d 462 (2006); *see also Lockhart v. United States*, --- U.S. ---, 136 S.Ct. 958, 962-63, 194 L.Ed.2d 48 (2016). Because "Federal criminal statute" appears closer to "statutory penalties for which" than does "violation," it is more natural to attach "penalties" to "statute" than to "violation."
>
> "Of course, as with any canon of statutory interpretation, the rule of the last antecedent is not an absolute and can assuredly be overcome by other indicia of meaning." *Lockhart*, 136 S.Ct. at 963 (citations and internal quotation marks omitted). But that is not the case here. The only possible "indicia" of an alternative meaning is the repetition of "statute" and "statutory," which at first blush appears unnecessary. Yet on closer inspection, the terms are not redundant. The First Step Act specifies that it is "statutory penalties" that are at issue to avoid any ambiguity that might arise in the sentencing context between penalties specified by statute or by the Guidelines. In other words, the word "statutory" is required to clarify "penalties" regardless of whether "statutory penalties for which" modifies "Federal criminal statute" or "violation." The use of the word "statutory" is neutral between the interpretations; it is not an "indicia of meaning" that can "overcome" the more natural reading of the statute. *Id.* And it certainly does not provide an "extraordinary reason" to divorce "Federal criminal statute" from "penalties." *Lopez*, 549 U.S. at 56, 127 S.Ct. 625.

*Wirsing*, 943 F.3d at 185-86; *Jackson*, 945 F.3d at 319-20 (citing to and agreeing with the Fourth Circuit's statutory interpretation in *Wirsing*).

The court finds that the contrary conduct-based approach, supported by only a minority of district courts and no circuit courts, and argued for by the Government, is not persuasive. *See United States v. Askins*, Case No. CR-01-00645-001-PHX-SRB, 2019 WL 3800227, at *5 n.7 (D. Az. Aug. 6, 2019) (collecting cases that have rejected this statutory interpretation approach as an "outlier"). Further, the court is not persuaded that to follow the broad statutory interpretation of the Fourth, Fifth, Sixth, and Eighth Circuit Courts would result in a "windfall." Simply because a defendant "is eligible for resentencing does not mean that he is entitled to it." *Beamus*, 943 F.3d at 792. Because it is the sole discretion of the court to determine if such resentencing is appropriate,

the court is not persuaded that finding a defendant eligible will result is the "windfall" the Government fears.

Finally, section 404(c) of the First Step Act provides a limit on this broad reading of subsection (a), providing that the court shall not reduce a sentence under this Act "if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 . . . or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits." 132 Stat. at 5222.

The court now finds that Hogan is eligible for resentencing under the First Step Act because he was convicted of a "covered offense": he was convicted of and sentenced for violating 21 U.S.C. § 841(a)(1), a Federal criminal statute, the penalties for which, as provided in 21 U.S.C. § 841(b), were modified by section 2 of the Fair Sentencing Act of 2010, and it was committed before August 3, 2010. While Hogan has filed a number of motions over the past 25 years attempting to collaterally attack his sentence, it has never been reduced in accordance with the amendments made by section 2 or 3 of the Fair Sentencing Act, and he has not made a previous motion under the First Step Act that was denied after a review on the merits.

Next, the court determines whether, in its broad discretion, to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." 132 Stat. at 5222. The First Step Act does not authorize plenary resentencing. *United States v. Boulding*, 379 F.Supp.3d 646, 653 (W.D. Mich. 2019) ("The statute emphasizes that any reduction in sentence is in the reviewing court's discretion. If a court is not compelled to resentence an eligible defendant, it makes little sense for a court to be required to hold a plenary hearing if the court does decide to act. . . . Furthermore, the statute only authorizes a 'reduced sentence.' First Step Act § 404(b). This limited authorization is inconsistent with a plenary resentencing."); *United States v. Crews*, 385 F.Supp.3d 439, 445 (W.D. Pa 2019) (collecting cases finding plenary resentencing is not permitted); *Jackson*, 945 F.3d at 321 (finding that the lower court did not err when it did not "hold a hearing, order an updated PSR, and consider evidence of Jackson's apparently admirable post-sentencing conduct."). Rather, the court should

8

"decide on a new sentence by placing itself in the time frame of the original sentencing, altering the relevant legal landscape only by the changes mandated by the 2010 Fair Sentencing Act." *United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir. 2019).

Hogan argues, citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (establishing that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribe statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.") and *Alleyne v. United States*, 570 U.S. 99, 103 (2013) (establishing that "[m]andatory minimum sentences increase the penalty for a crime," and therefore, "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury."), that the court cannot use 22 kilograms as the applicable quantity because this fact was judge, not jury, found. Hogan therefore argues that because the jury only found Hogan had violated 21 U.S.C. § 841(a), as charged in the indictment, pertaining to an unspecified quantity of cocaine base, his statutory penalty range is zero to 20 years as proscribed by 21 U.S.C. § 841(b)(1)(C). The court disagrees. The Ninth Circuit has made clear that *Apprendi* and *Alleyne* do not apply retroactively to collateral review cases. *See United States v. Sanchez-Cervantes*, 282 F.3d 664, 671 (9th Cir. 2002) ("[W]e hold that *Apprendi* does not apply retroactively to cases on initial collateral review."); *Hughes v. United States*, 770 F.3d 814, 819 (9th Cir. 2014) ("The Supreme Court did not make *Alleyne* expressly retroactive, and Hughes has not shown that it was made retroactive by multiple Supreme Court holdings.").

As discussed, the Fair Sentencing Act increased the quantity of cocaine base that triggers a 10-years to life sentence from 50 grams to 280 grams. 21 U.S.C. § 841(b)(1)(A)(iii). As found at sentencing, the amount of cocaine base applicable to Hogan's sentencing was 22 kilograms, and therefore, the statutory range (and his sentencing guideline range) remains unaltered by the Fair Sentencing Act modification. However, what has changed since Hogan's sentencing is that the Guidelines are no longer binding on the court. *See United States v. Booker*, 543 U.S. 220, 245 (2005) (declaring the Guidelines advisory). While *Booker* is not retroactively applied to "convictions that became final prior to its publication," in the context of 28 U.S.C. § 2255 petitions, *United States v. Cruz*, 423 F.3d 1119, 1119 (9th Cir. 2005), the court has broad discretion to impose

9

a reduced sentence under the First Step Act, which includes taking into account the now advisory nature of the Guidelines. *Askins*, 2019 WL 3800227, at *7. Accordingly, the court finds that a sentence of time served, approximately 25 years, for which he is scheduled for release on August 27, 2020, is sufficient, but not greater than necessary to comply with the purposes of sentencing as set forth in 18 U.S.C. § 3553. This sentence falls squarely within the statutory penalty range of 10 years to life, pursuant to 21 U.S.C. § 841(b)(1)(A). Further, considering the section 3553(a) factors—including the seriousness of this offense, just punishment, deterrence, and protection of the public—this sentence is deemed to be appropriate. The court reconfirms defendant's previously imposed term of ten (10) years supervised release upon his release from imprisonment and reconfirms the conditions of supervision previously imposed by the sentencing Court.

## III.    CONCLUSION

IT IS THEREFORE ORDERED that Hogan's motions to reduce sentence pursuant to the Amendments 750 and 782 of the United States Sentencing Guidelines, brought under 18 U.S.C. § 3582(c)(2), (ECF Nos. 1376 & 1377), are **DENIED.**

IT IS FURTHER ORDERED that Hogan's *pro se* motion to reduce sentence pursuant to section 404(b) of the First Step Act, brought under 18 U.S.C. § 3582(c)(1)(B), (ECF No. 1395), and his supplemental motion to the same (ECF No. 1403) are **GRANTED**.

IT IS FURTHER ORDERED that the court reduces Hogan's 360-month sentence to **TIME- SERVED**, making Hogan eligible for release.

IT IS FURTHER ORDERED that upon release from imprisonment Hogan shall be on supervised release for a term of ten (10) years and shall be subject to the conditions of supervision previously imposed by the sentencing Court.

IT IS FURTHER ORDERED that the Clerk of Court is to enter an amended **JUDGMENT**, providing that all terms and conditions of Hogan's supervised release are to remain the same.

IT IS FURTHER ORDERED that Hogan's release be delayed 10 calendar days from the date of entry of this Order to allow the Bureau of Prisons to complete the statutory requirements prior to his release.

1    IT IS FURTHER ORDERED that Hogan's motion to allow defendant to supplement his

2    *pro se* motion and stay the court's ruling on it (ECF No. 1402) is **GRANTED in part** and

3    **DENIED in part as moot**, respectively.

4

5    IT IS SO ORDERED.

6    DATED this 27th day of April, 2020.

7

8    _____
     LARRY R. HICKS

9    UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28